BENJAMIN B. WAGNER
United States Attorney
JEFFREY A. SPIVAK
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States



FILED
AUG 16 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:13-CV-01696-KJM-KJN |
|---|---|
| Plaintiff, | ORDER REGARDING CLERK'S ISSUANCE OF WARRANT FOR ARREST OF ARTICLES *IN REM* |
| v. | |
| APPROXIMATELY $10,800.00 IN U.S. CURRENCY, | |
| Defendant. | |

WHEREAS, a Verified Complaint for Forfeiture *In Rem* has been filed on August 16, 2013, in the United States District Court for the Eastern District of California, alleging that the defendant Approximately $10,800.00 in U.S. Currency (hereafter "defendant currency") is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) for one or more violations of 21 U.S.C. §§ 841 *et seq.*;

And, the Court being satisfied that, based on the Verified Complaint for Forfeiture *In Rem* and the affidavit of Drug Enforcement Administration Special Agent Karl A. Schmid, there is probable cause to believe that the defendant currency so described constitutes property that is subject to forfeiture for such violation(s), and that grounds for the issuance of a Warrant for Arrest of Articles *In Rem* exist, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset

1

Forfeiture Actions;

IT IS HEREBY ORDERED that the Clerk for the United States District Court, Eastern District of California, shall issue a Warrant for Arrest of Articles *In Rem* for the defendant currency.

Dated: 8/16/13

*Dale A. Drozd*
DALE A. DROZD
United States Magistrate Judge

## AFFIDAVIT OF KARL A. SCHMID

I, Karl A. Schmid, being duly sworn under oath, depose and state the following:

1. I am a Special Agent employed by the U. S. Drug Enforcement Administration ("DEA") and have been so employed since July, 2012.

2. Prior to July of 2012, I was employed as a police officer for the City of Virginia Beach Police Department located in Virginia from 2005 to 2012. I am currently assigned to the DEA Sacramento District Office charged with investigating major drug trafficking crimes in the Eastern District of California, and elsewhere. As a DEA Special Agent and a police officer, I have assisted in the execution of search warrants on many occasions for controlled substances and/or related paraphernalia, indicia, and other evidence of violations of federal and state drug statutes. I have participated in investigations targeting individuals and organizations trafficking heroin, cocaine, methamphetamine, marijuana, and other controlled substances. In addition, I have served as both a monitor and wire room supervisor on at least two federal wiretap investigations. I have also consulted with more experienced DEA Special Agents in the preparation of this Affidavit.

3. Through my training, experience, and interaction with other experienced Special Agents, Task Force Agents, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, distribute drugs, to collect and conceal drug related proceeds, and to communicate with other participants to accomplish such objectives.

4. I have received specialized training in narcotic investigation matters including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, drug identification, and asset identification and removal, from the DEA. In total, I have received over 500 hours of comprehensive formalized classroom instruction in those areas outlined above.

5. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am an officer of the

1. United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

6. This affidavit is made in support of a warrant for arrest of Approximately $10,840.00 in U.S. Currency ("defendant currency"). The defendant currency constitutes money or other things of value furnished and intended to be furnished by any person in exchange for a controlled substance or listed chemical, or all proceeds traceable to such an exchange, and/or was used and intended to be used to facilitate a violation of 21 U.S.C. §§ 841 *et seq*. As a result of the foregoing, the defendant currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. The facts in this affidavit are known to me as a result of my personal participation in this investigation, through conversations with other agents and detectives who have participated in this investigation, and from reviewing official reports, documents, and other evidence obtained as a result of the investigation and I have determined the following:

8. On March 16, 2013, an officer with the Butte County Sheriff's Office was parked in a fully marked patrol vehicle when he noticed an off-white Cadillac Escalade with a large rosary-looking item hanging down from the rearview mirror to the dash, obstructing the view of the driver. The officer pulled behind the vehicle and began to follow. The officer followed the Cadillac as it turned onto Feather River Boulevard and saw it cross over the middle yellow line, traveling in the wrong direction. The officer initiated a vehicle stop for these traffic violations.

9. As the officer activated the patrol vehicle's red and blue lights, the driver, later identified as Benjamin Clark, ("Benjamin") got out of the vehicle quickly. The officer got out of the patrol vehicle and told Benjamin to get back inside the Cadillac. The officer observed the passenger working with something in the front compartment area. The officer spoke to Benjamin at the driver's side window and informed him of the reason for the traffic stop. When the window was down, the officer immediately noticed the strong odor of marijuana coming from inside the vehicle. When the officer asked Benjamin if he

had any marijuana in the vehicle he said he had a little. The officer asked Benjamin for his driver's license and registration and Benjamin replied "My license is suspended for DUI." The passenger was identified as Tommy Clark.

10. Benjamin consented to a search of the vehicle and when asked, told the officer that he had some marijuana. The officer also asked if he had any money in the vehicle and Benjamin looked down and said maybe. When asked a second time about the money, Benjamin said "I have over $10,000.00 maybe." Benjamin stated the money was in the glove box.

11. Another officer had arrived on the scene and conducted an interview with Benjamin. Benjamin acknowledged his Miranda rights and agreed to speak with the officer. During this interview, Benjamin admitted he had processed marijuana at his residence. When questioned about the money, Benjamin stated he gets about $2,500.00 a month from the casino. When the officer asked Benjamin why he had $10,800.00 in his vehicle and why his vehicle smelled like marijuana, Benjamin refused to answer further questions.

12. The first officer spoke to Tommy separately and asked where they were coming from. Tommy was very nervous and stated first that they had just left his house on Shadow Oak Court in Oroville, California. The officer pointed out that they were not coming from that direction. Tommy changed his story several times and said they were coming from a friend's house, however, Tommy was unable to provide the name of the friend, and then stated that they were just driving around town.

13. One officer had a certified drug dog with him in the rear of his patrol vehicle. The officer had the drug dog conduct a sniff search of the vehicle. The drug dog positively alerted to the presence of the odor of narcotics in the middle of the passenger's side door. The officer located a marijuana cigarette in the ashtray in the middle of the vehicle.

14. The officer requested permission to search Tommy's person, which was granted. During this search, the officer located a large bundle of currency in the front of Tommy's pants. The currency was held together by a rubber band. When the officer

1 removed the money, Tommy stated, "That's my money."

2  15. An officer had the drug detection dog conduct a sniff search of the money removed from Tommy's pants. The drug dog alerted to the presence of the odor of narcotics on the currency. The currency was a total of $10,800.00, the defendant currency herein.

16. The officer who had interviewed Benjamin also interviewed Tommy. Tommy acknowledged his Miranda rights and agreed to speak to this officer. During this interview, Tommy stated that Benjamin had sold approximately eight pounds of marijuana in Oroville and that the money came from the sale of the marijuana. Tommy explained that he took the money from the vehicle's glove box and put it in his pants when he saw law enforcement. Tommy further admitted that he and Benjamin had grown and sold marijuana and that he knew it was illegal and that was why he attempted to hide the money.

17. Officers obtained a search warrant for Tommy's residence at 65 Shadow Oak Court in Oroville, California. Approximately five pounds of processed marijuana was located at Tommy's residence.

18. Officers also obtained a search warrant for Benjamin's residence at 1237 Middlehoff Lane in Oroville, California. During this search, officers located cocaine, a digital scale, a food sealer machine covered in marijuana residue, roughly one-half pound of processed marijuana that was packaged in two vacuum-sealed bags, four cellular phones, two GPS devices, pay/owe sheets, AR-15 parts, one 1911 .45 caliber handgun, two .45 caliber magazines, ammunition, indicia in the name of Benjamin Clark and $400.00 in currency that was contained in the same package as the cocaine.

19. According to the California Employment Development Department, Benjamin Clark worked at the Mooretown Rancheria of Maidu Indians of California in 2012. No wage information was found for Tommy Clark.

20. Benjamin Clark has a significant drug-related criminal history; including convictions for marijuana possession. He has been charged with violations of California

Health and Safety Code sections 11350(a) and 11359, possession of a controlled substance and possession for sale of marijuana. The case is pending in Butte County Superior Court.

21.  Based on the foregoing, I have probable cause to believe that the defendant currency was intended for the purchase of illegal drugs or is proceeds from drug trafficking. It is respectfully requested that a Warrant for Arrest of Articles *In Rem*, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule G(3)(b)(i), be issued for the defendant currency listed above.

_____
KARL A. SCHMID
Special Agent
Drug Enforcement Administration

Sworn to and Subscribed before me this *16th* day of August, 2013.

_____
Honorable Dale A. Drozd
United States Magistrate Judge

Reviewed and approved as to form

_____
Jeffrey A. Spivak
Assistant U.S. Attorney